UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KECIA RODDY,**

       **Plaintiff,**

v.                            Case No: 6:24-cv-2007-PGB-EJK

**SWIFT TRANSPORTATION
COMPANY OF ARIZONA, LLC,**

       **Defendant.**

_____/

## **ORDER**

This cause comes before the Court upon jurisdictional review.

**I.  BACKGROUND**

Plaintiff Kecia Roddy ("**Plaintiff**") initiated this action when Plaintiff filed the Complaint (Doc. 1 (the "**Complaint**")) on November 4, 2024. Therein, Plaintiff brings various claims against Defendant Swift Transportation Company of Arizona, LLC ("**Defendant**"). (*Id.*). Plaintiff asserts that the instant Court has subject matter jurisdiction over Plaintiff's claims "pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship between Plaintiff and Defendant." (*Id.* ¶ 3). In support of the Court's diversity jurisdiction here, Plaintiff avers that Plaintiff is a citizen and resident of Orange County, Florida. (*Id.* ¶ 1). Plaintiff further avers that Defendant "is a Delaware limited liability company [("**LLC**")] authorized to do business in Florida, whose corporate headquarters are located in Arizona." (*Id.* ¶

2). Finally, Plaintiff alleges that the amount in controversy exceeds $75,000.00. (*Id.* ¶ 6).

## II.   LEGAL STANDARD

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

For diversity purposes, a limited liability company is a citizen of each state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

## III.   DISCUSSION

While the Complaint appears to establish the requisite amount in controversy required for diversity jurisdiction, it fails to provide sufficient information to establish the complete diversity of the parties. (*See* Doc. 1, ¶¶ 1–3, 5–7). The Complaint asserts that Defendant is an LLC. (*Id.* ¶ 2). However, the Complaint fails to affirmatively allege the state of citizenship of each of the

2

members of the Defendant LLC. (*See generally* Doc. 1). Consequently, the Complaint fails to establish this Court's subject matter jurisdiction. (*See id.*).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **November 20, 2024**, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law. Failure to timely comply with this Order will result in the closure of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on November 6, 2024.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3