**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KECIA RODDY,**

        **Plaintiff,**

v.                                         Case No: 6:24-cv-2007-PGB-EJK

**SWIFT TRANSPORTATION
COMPANY OF ARIZONA, LLC,**

        **Defendant.**
_____/

**ORDER**

This cause comes before the Court upon jurisdictional review.

**I.  BACKGROUND**

Plaintiff Kecia Roddy ("**Plaintiff**") initiated this action by filing the initial Complaint (Doc. 1 (the "**Initial Complaint**")) on November 4, 2024. Therein, Plaintiff brought various claims against Defendant Swift Transportation Company of Arizona, LLC ("**Defendant**"). (*Id*.). Plaintiff asserted that the instant Court has subject matter jurisdiction over Plaintiff's claims "pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship between Plaintiff and Defendant." (*Id*. ¶ 3). In support of the Court's diversity jurisdiction here, Plaintiff averred that Plaintiff is a citizen and resident of Orange County, Florida. (*Id*. ¶ 1). Plaintiff further averred that Defendant "is a Delaware limited liability company [("**LLC**")] authorized to do business in Florida, whose corporate headquarters are located in Arizona." (*Id*.

¶ 2). Finally, Plaintiff alleged that the amount in controversy exceeds $75,000.00. (*Id.* ¶ 6).

On November 6, 2024, this Court, acting *sua sponte*, dismissed the Initial Complaint without prejudice due to Plaintiff's failure to adequately allege the Court's diversity jurisdiction. (Doc. 5). Specifically, the Court explained that Plaintiff had "fail[ed] to affirmatively allege the state of citizenship of each of the members of the Defendant LLC" as required to demonstrate the complete diversity of the parties. (*Id.* at p. 2). However, the Court gave Plaintiff leave to file an amended complaint establishing the Court's subject matter jurisdiction. (*Id.* at p. 3).

Plaintiff timely filed the First Amended Complaint. (Doc. 6 (the "**Amended Complaint**")). Therein, Plaintiff alleged the following regarding Defendant's citizenship:

> SWIFT TRANSPORTATION CO. of Arizona, LLC is a Delaware limited liability company authorized to do business in Florida, whose corporate headquarters are located in Arizona, and who may be served by and through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324, or wherever it may be found. **Swift Transportation Company, LLC, is the sole member of SWIFT TRANSPORTATION CO. of Arizona, LLC, with a principal place of business located in Arizona. SWIFT TRANSPORTATION CO. of Arizona, LLC is therefore a citizen of Arizona and Delaware.**

(*Id.* ¶ 2 (emphasis added)).

## II.   LEGAL STANDARD

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

For diversity purposes, a limited liability company is a citizen of each state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

## III.   DISCUSSION

The Amended Complaint, like the Initial Complaint, fails to establish the Court's subject matter jurisdiction. (*See* Doc. 6, ¶ 2). While Plaintiff has now named the sole member of the Defendant LLC, that member—Swift Transportation Company, LLC (the "**member LLC**")—is itself an LLC. (*Id.*). However, Plaintiff has failed to identify the members of the member LLC and their respective states of citizenship. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) (explaining that, where the member of an

3

LLC is also an LLC, its members must likewise be identified continuing on through however many layers of LLCs there may be). Consequently, the Amended Complaint fails to establish this Court's subject matter jurisdiction. (*See* Doc. 6).

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Amended Complaint (Doc. 6) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **November 25, 2024**, Plaintiff shall file a second amended complaint in compliance with this Order and all applicable rules and law. Failure to timely comply with this Order by filing a second amended complaint that establishes the Court's subject matter jurisdiction will result in the dismissal of this case without prejudice without leave to replead.

**DONE AND ORDERED** in Orlando, Florida on November 18, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4