UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KECIA RODDY,**

    **Plaintiff,**

v.            Case No: 6:24-cv-2007-PGB-EJK

**SWIFT TRANSPORTATION**
**COMPANY OF ARIZONA, LLC,**

    **Defendant.**
           /

## ORDER

This cause comes before the Court upon jurisdictional review.

**I. BACKGROUND**

Plaintiff Kecia Roddy ("**Plaintiff**") initiated this action by filing the initial Complaint (Doc. 1 (the "**Initial Complaint**")) on November 4, 2024. Therein, Plaintiff brought various claims against Defendant Swift Transportation Company of Arizona, LLC ("**Defendant**" or "**Defendant LLC**"). (*Id.*). Plaintiff asserted that the instant Court has subject matter jurisdiction over Plaintiff's claims "pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship between Plaintiff and Defendant." (*Id.* ¶ 3). In support of the Court's diversity jurisdiction here, Plaintiff averred that Plaintiff is a citizen and resident of Orange County, Florida. (*Id.* ¶ 1). Plaintiff further averred that Defendant "is a Delaware limited liability company [("**LLC**")] authorized to do business in Florida, whose corporate

headquarters are located in Arizona." (*Id.* ¶ 2). Finally, Plaintiff alleged that the amount in controversy exceeds $75,000.00. (*Id.* ¶ 6).

On November 6, 2024, this Court, acting *sua sponte*, dismissed the Initial Complaint without prejudice due to Plaintiff's failure to adequately allege the Court's diversity jurisdiction. (Doc. 5). Specifically, the Court explained that Plaintiff had "fail[ed] to affirmatively allege the state of citizenship of each of the members of the Defendant LLC" as required to demonstrate the complete diversity of the parties. (*Id.* at p. 2). However, the Court gave Plaintiff leave to file an amended complaint establishing the Court's subject matter jurisdiction. (*Id.* at p. 3).

Plaintiff timely filed the First Amended Complaint. (Doc. 6 (the "**FAC**")). Therein, Plaintiff alleged that Defendant LLC's sole member was another LLC, Swift Transportation Company, LLC (the "**member LLC**"). (*Id.* ¶ 2). However, Plaintiff failed to allege the state of citizenship of each of the members of the member LLC. (*See id.*). The Court, acting *sua sponte*, once again dismissed the FAC without prejudice. (Doc. 10). The Court granted Plaintiff leave to file a second amended complaint establishing the Court's subject matter jurisdiction, and cautioned Plaintiff that failure to do so "will result in dismissal of this case without prejudice without leave to replead." (*Id.* at p. 4).

On November 25, 2024, Plaintiff timely filed the Second Amended Complaint. (Doc. 11 (the "**SAC**")). The SAC adds to the aforementioned allegations regarding Defendants' citizenship that "**Swift Transportation Company is the**

**sole member of [the member LLC] with a principal place of business located in Arizona.**" (*Id.* ¶ 2) (emphasis added).

## II. LEGAL STANDARD

Federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"). Thus, in a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse. *See* 28 U.S.C. § 1332; FED. R. CIV. P. 8(a)(1). Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

For diversity purposes, a limited liability company is a citizen of each state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). As such, to sufficiently allege an LLC's citizenship, a party must list *the citizenship of all the members of that entity. See, e.g.*, *id.*

Further, for diversity purposes, "corporations are citizens in the states of their incorporation and their principal place of business." *Id.* at 1021 n.1 (citing 28 U.S.C. § 1332(c)(1)). "Thus, to sufficiently allege the citizenship of a corporation, a party must identify its states of incorporation and principal place of business."

3

*Helix Inv. Mgmt., LP v. Privilege Direct Corp.*, 364 F. Supp. 3d 1343, 1348 (M.D. Fla. 2019) (quoting *Asphalt Pavings Sys., Inc. v. S. States Pavement Markings, Inc.*, No. 3:18-cv-255-J-34JBT, 2018 WL 3067906, at *1 (M.D. Fla. Feb. 20, 2018)).

### III.   DISCUSSION

The SAC, like both of its predecessor complaints, fails to establish the Court's subject matter jurisdiction. (*See* Doc. 11, ¶ 2). Here, Plaintiff appears to allege that the sole member of Defendant's member LLC is a corporation. (*See id.*). However, Plaintiff fails to provide sufficient information to determine the citizenship of this corporation. (*See id.*). Specifically, Plaintiff fails to aver the state of Swift Transportation Company's incorporation. (*See id.*); *Helix Inv. Mgmt.*, 364 F. Supp. 3d at 1348. Thus, the Court cannot determine whether the parties are completely diverse. As a result, the SAC is due to be dismissed for failing to establish the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Second Amended Complaint (Doc. 11) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on December 6, 2024.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

4

Copies furnished to:

Counsel of Record
Unrepresented Parties