UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KECIA RODDY,**

        **Plaintiff,**

v.                                                                          Case No: 6:24-cv-2007-PGB-E_K

**SWIFT TRANSPORTATION
COMPANY OF ARIZONA, LLC,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court upon Plaintiff Kecia Roddy's ("**Plaintiff**") Unopposed Motion for Reconsideration of the Court's Order dismissing this case. (Doc. 22 (the "**Motion**")). Upon consideration, the Motion is due to be denied.

**I.   BACKGROUND**

This action began when Plaintiff filed her initial Complaint (Doc. 1 (the "**Complaint**")) on November 4, 2024. Two days later, the Court entered an Order dismissing the Complaint without prejudice due to Plaintiff's failure to adequately allege the Court's subject matter jurisdiction. (Doc. 5 (the "**First Order**")). Specifically, in the First Order, the Court explained that Plaintiff had failed to demonstrate the complete diversity of the parties, as Plaintiff did not provide the states of citizenship of each of the members of Defendant Swift Transportation Company of Arizona, LLC ("**Defendant**"). (*See id.* at pp. 2–3). However, in the

First Order, the Court provided Plaintiff leave to file an amended complaint curing the aforementioned deficiency. (*Id.* at p. 3).

On November 7, 2024, Plaintiff timely filed the First Amended Complaint. (Doc. 6 (the "**FAC**")). However, the FAC again failed to adequately allege the states of citizenship of Defendant's members. (*See id.* ¶ 2). Thus, the Court entered an Order dismissing the FAC without prejudice for Plaintiff's continued failure to allege the Court's subject matter jurisdiction. (Doc. 10 (the "**Second Order**")). In the Second Order, the Court provided Plaintiff leave to file a second amended complaint curing the aforementioned deficiency. (*Id.* at p. 4). However, the Court cautioned Plaintiff that Plaintiff's "[f]ailure to timely comply with this [Second] Order by filing a second amended complaint that establishes the Court's subject matter jurisdiction will result in the dismissal of this case without prejudice without leave to replead." (*Id.*).

On November 25, 2024, Plaintiff timely filed the Second Amended Complaint. (Doc. 11 (the "**SAC**")). The SAC failed to adequately allege the citizenship of Defendant's members, and thus, the Court's subject matter jurisdiction. (*See id.* ¶ 2). Thus, the Court entered an Order (Doc. 20 (the "**Third Order**")) dismissing the case without prejudice without leave to replead. Now, Plaintiff moves the Court for reconsideration of the Third Order. (Doc. 22).

II.    **LEGAL STANDARD**

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee*

2

*Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion typically arises under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[1] It is wholly inappropriate in a motion to reconsider to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[2]

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[2] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

### III.    DISCUSSION

In the Motion, Plaintiff claims that the Court's failure to reconsider its Third Order will result in "manifest injustice," since "[t]his case should be adjudicated on its merits rather than dismissed due to inadvertent errors in the initial pleadings." (Doc. 22, p. 3 (citation omitted)).

Plaintiff has not established entitlement to the "extraordinary remedy" of reconsideration of the Third Order. *See Taylor Woodrow*, 814 F. Supp. at 1072–73. Plaintiff has had three opportunities to adequately plead the Court's subject matter jurisdiction. (Docs. 1, 6, 11). Plaintiff was warned that failure to establish such jurisdiction by the third attempt would result in dismissal of the case without prejudice without right to replead. (Doc. 10, p. 4).

Ultimately, parties are not entitled to limitless opportunities to correct deficiencies that the Court identifies in the pleadings, particularly where the Court's jurisdiction is unclear. Importantly, the Court has a continuing duty to confirm it has jurisdiction over the matters before it. *E.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (stating that a district court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). As a result, there must be a consequence for parties' repeated failures to cure such deficiencies in the pleadings to prevent the Court from squandering its limited time and resources. *See id.* Finally, the Court has not deprived Plaintiff of the opportunity to have the case decided on the merits, as Plaintiff argues. (Doc. 22, p. 3). The Court notes that, in the Third Order, it dismissed the case *without*

prejudice. (Doc. 20, p. 4). Thus, Plaintiff may seek a decision on the merits after refiling the action in a complaint that establishes the Court's subject matter jurisdiction.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration of the Court's Order dismissing this case (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 8, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties